# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: E.M.**

**No. 15-0355** (Mercer County 13-JA-29)

**FILED**

September 21, 2015

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Father M.M., by counsel P. Michael Magann, appeals the Circuit Court of Mercer County's March 18, 2015, order terminating his parental rights to E.M. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Christopher S. Dodrill, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Michael P. Cooke, also filed a brief in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) denying his request for continuation of his dispositional improvement period and the return of physical custody of the child during said improvement period and (2) terminating his "parental, custodial, and guardianship rights" to the child.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2013, the DHHR filed an abuse and neglect petition against petitioner alleging that he failed to provide the child with adequate care due to his substance abuse. The petition also contained allegations against the parents of the child's half-siblings, including that one such parent caused multiple severe injuries to the child's four-month-old half-sibling.

In April of 2013, the circuit court held a preliminary hearing, at which time petitioner was unable to take physical custody of the child due to his potential parole revocation for a prior federal drug charge. Thereafter, petitioner's parole was revoked, and he was incarcerated on April 17, 2013. Upon his release in June of 2013, he entered a community correctional facility for re-entry into society in the Commonwealth of Virginia.

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

In November of 2013, at the adjudicatory hearing, petitioner stipulated to the allegations in the petition. Without objection, the circuit court granted petitioner a post-adjudicatory improvement period. Shortly thereafter, petitioner completed the community correctional facility's program and moved into his aunt's residence also in Virginia. However, following his release, petitioner failed at least one drug screen between December of 2013 and February of 2014.[2] Petitioner later stated that, during this time, he acted out sexually and used drugs, but he described it as normal behavior upon release from custody.

In April of 2014, the multidisciplinary team ("MDT") met to discuss this matter. Petitioner had obtained work and his own residence in Virginia, and the MDT approved overnight visitation with the child. Petitioner's substance abuse evaluation recommended outpatient substance abuse treatment. Following several positive drug screens for Suboxone, petitioner informed the DHHR that he had begun outpatient substance abuse treatment at a clinic in Virginia where he was prescribed Suboxone.

In July of 2014, the circuit court held a dispositional hearing. Having shown signs of promise, petitioner received a dispositional improvement period. In September of 2014, petitioner and his then-girlfriend attended an MDT meeting. The DHHR described his girlfriend as appearing to be under the influence of drugs. Petitioner, however, stated that neither he nor his girlfriend would agree to a drug screen at that time. The DHHR also requested that petitioner sign a medical release for records from his outpatient substance abuse clinic in Virginia, but petitioner refused to do so "unless [the DHHR] agreed not to use the information from those records to restrict his parenting time or seek termination[.]"

In January of 2015, the circuit court held a review hearing in this matter. At that hearing, the circuit court ordered petitioner to identify his outpatient substance abuse clinic in Virginia and provide a medical release for records therefrom. The circuit court explained that petitioner's failure to do so could indicate an attempt to hide information regarding his substance abuse and/or treatment.

In March of 2015, the circuit court held a dispositional hearing. At that hearing, one of petitioner's service providers testified that he exhibited inappropriate behavior with her by being argumentative and combative. Further evidence showed that petitioner failed to execute the release for his treatment records and told the DHHR worker that "it was none of [her] 'GD' business." By order entered on March 18, 2015, the circuit court terminated petitioner's parental rights to the child, noting petitioner's relapse into drugs, uncooperative behavior with the DHHR, and non-compliance with the circuit court's order to release his treatement records. This appeal followed.

The Court has previously established the following standard of review:

---

[2]The limited record on appeal is unclear regarding the dates of petitioner's failed drug screens. Testimony at the dispositional hearing indicated that petitioner failed one drug screen for narcotics, one drug screen for opiates and hydromorphone, and many drug screens for Suboxone.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first assigns error to the circuit court's denial of his request for an extension of his dispositional improvement period and return of physical custody of the child to him during said improvement period. West Virginia Code § 49-6-12(g) provides that

[a] court may extend any improvement period granted . . . for a period not to exceed three months when the court finds that the [parent] has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the child; and that such extension is otherwise consistent with the best interest of the child.

We have also held that the word "may" is permissive and connotes discretion. *See Gebr. Eickhoff Maschinenfabrik Und Eisengieberei mbH v. Starcher*, 174 W.Va. 618, 626 n. 12, 328 S.E.2d 492, 500 n. 12 (1985) ("An elementary principle of statutory construction is that the word 'may' is inherently permissive in nature and connotes discretion." (citations omitted)). The record on appeal is clear that petitioner repeatedly demonstrated an unwillingness to cooperate with the DHHR and the MDT in this matter, despite his progress in certain areas. More importantly to our review, we cannot find that an extension of petitioner's improvement period was in the child's best interest. By the time of the dispositional hearing in March of 2015, petitioner had received two prior improvement periods, and the child had been in foster placement for well over one year. Given the record before us, we find no reversible error in the circuit court's ruling on an extension of petitioner's dispositional improvement period.

Petitioner's second and final assignment of error is that the circuit court erred in terminating his parental, custodial, and guardianship rights to the child. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights when they find that there was no reasonable likelihood that a parent could substantially correct the conditions of neglect in the near future and that termination was necessary for the children's welfare. West Virginia Code § 49-6-5(b)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . .

. [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" Further, "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re: B.H. and S.S.*, 233 W.Va. 57, 754 S.E.2d 743 (2014).

In the case at bar, as explained above, petitioner made progress during his improvement periods. However, while petitioner claims to have satisfied all of the goals and addressed all of the concerns of his improvement periods and family case plan, we find that he failed to demonstrate that he followed through with rehabilitative efforts. During the pendency of the underlying proceedings, petitioner's federal parole was revoked; he had a relapse into substance abuse; exhibited combative behavior with several DHHR workers; refused to take a drug screen at the MDT meeting in September of 2014[3]; and failed to comply with the circuit court's order to release his substance abuse treatment information from the clinic in Virginia. Meanwhile, the child was placed in foster care for well over one year. It is clear that petitioner's participation in outpatient substance abuse treatment was a recommendation of his substance abuse evaluation and a component of his demonstrated improvement. Therefore, based on the evidence presented below, we find that the circuit court was presented with sufficient evidence to find that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect in the near future and that the child's best interests were served by achieving permanency. We have often explained that circuit courts are directed to terminate parental rights based upon such findings.[4]

For the foregoing reasons, we find no error in the circuit court's March 18, 2015, order, and we hereby affirm the same.

Affirmed.

---

[3]While petitioner explained that he did not wish to undergo a drug screen at the MDT meeting due to a death in his family, he was willing and able to attend said MDT meeting. It is unclear how performing a drug screen was interrupted by the death in his family when his attendance at the MDT meeting was not.

[4]Petitioner also asserts that the circuit court made two errors in its findings of fact: (1) in finding that he stopped attending the clinic in Virginia in May of 2014 and (2) in failing to find that petitioner missed the drug screen in September of 2015 due to the death in his family. While he fails to present these issues as separate assignments of error, we note that the circuit court did not commit reversible error in its findings of fact. As the circuit court did not rely upon the date that petitioner stopped attending the clinic to support the conclusions at issue, we find that any error in this regard is harmless. Further, the circuit court did not clearly err in failing to recite petitioner's excuse for missing said drug screen in its final order.

4

**ISSUED**: September 21, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II